NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TELLY ALEXANDER HEATH, | No. 15-35211 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01875-MA |
| v. | |
| GREG JONES; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JOAN BARTON, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted June 14, 2016**

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Telly Alexander Heath, an Oregon state prisoner, appeals pro se from the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Heath failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious mental health needs by housing him in the Disciplinary Segregation Unit, Intensive Management Unit, or Behavioral Health Unit. *See Toguchi*, 391 F.3d at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health). Further, Heath failed to raise a genuine dispute of material fact as to whether his placement in these units denied him the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Heath's motion for appellees' default is denied.

**AFFIRMED.**

15-35211